**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT D. MILLS,

              Plaintiff,

              v.

RICHARD E. DELL IV,

              Defendant.

Case No. 21-CV-1086

JURY TRIAL DEMANDED

**COMPLAINT**

Robert D. Mills, through his attorneys Todd J. Hollis Law and Colianni & Leonard LLC, complains as follows:

**INTRODUCTION**

1. This is an action under 42 U.S.C. § 1983 arising out of the use of excessive force by a police officer. Richard E. Dell IV, a McKeesport, Pennsylvania police officer, arrested Robert Mills for trespassing in a GetGo convenience store. While in the process of handcuffing Mills, Officer Dell took Mills to the ground by violently kicking him in the knee, shattering Mills' left tibia bone. As Mills was withering in pain, Officer Dell pulled him up off the ground and dragged him to his police car.

2. Officer Dell's use of a takedown maneuver to bring Mills to the ground was excessive and violated Mills' Fourth Amendment rights. Mills had not committed a crime, was not resisting arrest, and posed no threat of harm to anyone when Officer Dell delivered his brutal kick.

3. Mills underwent surgery to repair his tibia. He is likely permanently disabled. He seeks compensatory and punitive damages for the violation of his Fourth Amendment right to be free from excessive force.

## JURISDICTION

4.      This Court has jurisdiction under 28 U.S.C. §1331 and §1343, as plaintiff's claims arise under the Constitution and laws of the United States.

5.      This Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367(a).

6.      Venue is proper in the Western District of Pennsylvania under 28 U.S.C. §1391(b)(2) because the events giving rise to plaintiff's claims occurred in this district.

## PARTIES

7.      Plaintiff Robert D. Mills is a citizen of Pennsylvania.

8.      Defendant Richard E. Dell IV is a citizen of Pennsylvania. At all relevant times, Dell was acting under color of state law.

## GENERAL ALLEGATIONS

9.      On April 19, 2024, Mills went to a GetGo convenience store in McKeesport, Pennsylvania to buy cigarettes. Mills' friend drove him to the store and waited outside in his car.

10.      Mills entered the store and asked the clerk for a pack of cigarettes. The clerk insisted on seeing Mills' driver's license to confirm that he was at least 18 years old. Mills, who is 51, did not have his driver's license and had a brief argument with the clerk about her refusal to sell the cigarettes to him.

11.      Mills then left the store and asked his friend, who had his driver's license, to come back into the store with him to buy the cigarettes. Even though Mills had briefly argued with the clerk, neither the clerk nor the store security guard had told Mills that he was prohibited from returning to the store.

12.    When Mills and his friend entered the store, they walked past the store security guard and headed to the counter. They were not loud, belligerent or hostile to anyone in the store. Officer Dell, who had been shopping in the store, shouted "hey you" to Mills and walked toward him. Apparently, the clerk had told Officer Dell that she didn't want Mills back in the store. Mills, however, was not aware that the clerk had banned him from the store.

13.    Officer Dell grabbed Mills by the arm and began to place him in handcuffs. At the same time, the security guard grabbed Mills' other arm and pulled Mills in the opposite direction.

14.    Mills had done nothing wrong and was confused and in disbelief that he was being handcuffed and arrested. But he did not resist, fight back or try to flee. Nor was Mills argumentative or verbally defiant.

15.    As Officer Dell and the security guard pulled Mills' arms behind his back, Officer Dell forced Mills to the ground by kicking him in his left knee. There was absolutely no need for Officer Dell to use this takedown maneuver because Mills was not resisting or being noncompliant.

16.    Mills collapsed to the ground and immediately knew his leg was broken. Officer Dell handcuffed Mills and began to pull him up off the ground. Mills was in severe pain and told Officer Dell his leg was broken. Officer Dell told Mills he didn't believe him and literally dragged Mills to his police cruiser.

17.    Officer Dell took Mills to the McKeesport jail and charged him with two summary offenses - trespassing and public intoxication. These charges were later dismissed.

18.    When Mills was released from jail later that day, he immediately went to the emergency room, where he was diagnosed with a broken tibia. Mills had surgery a week later. The break was severe and required the insertion of plates and screws to repair it. Mills is still in significant pain and uses a wheelchair.

## COUNT I
### VIOLATIONS OF 42 U.S.C. § 1983: ILLEGAL SEIZURE AND USE OF EXCESSIVE FORCE IN VIOLATION OF MILLS' RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

19.     The Fourth Amendment prohibits the excessive use of force by law enforcement officers.

20.     Officer Dell's use of a takedown maneuver on Mills was excessive. Mills was not resisting arrest or attempting to flee. He was unarmed and posed no threat of harm to Dell or others. Nor had he committed a serious crime. The crimes Mills was accused of committing - simple trespass and public drunkenness - are summary offenses, the most minor type of criminal offense in Pennsylvania.

21.     As a direct and proximate result of Officer Dell's false arrest, Mills suffered damages.

22.     Officer Dell's actions were malicious and recklessly indifferent to the constitutional rights of Mills, entitling Mills to recover punitive damages in an amount sufficient to punish and to protect others from similar conduct.

23.     Mills is entitled to reasonable attorney fees, punitive damages, expert fees and costs associated with this litigation under 42 U.S.C. § 1988.

## COUNT II
### VIOLATIONS OF 42 U.S.C. § 1983: FALSE ARREST IN VIOLATION OF MILLS' RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

24.     An arrest violates the Fourth Amendment when made without probable cause to believe that a crime has been committed. Probable cause exists when the facts and circumstances within the arresting officer's knowledge give rise to a fair probability that the suspect has committed or is committing a crime.

25.     Officer Mills lacked probable cause when he arrested Mills for simple trespass. Under 18 P.S.A. § 3503 (b.1)(1)(i), a person is guilty of simple trespass "if, knowing that he is not licensed or privileged to do so, he enters or remains in any place for the purpose of threatening or terrorizing the owner or occupant of the premises." At the time he arrested Mills, Officer Dell had no knowledge of any facts showing that Mills knew that he was not permitted to enter GetGo. Nor did he have any factual basis for concluding that Mills likely entered GetGo to threaten the clerk or other occupant of the premises. Mills did not say anything to the clerk, let alone threaten or harass her, when he entered the store.

26.     Officer Dell also had no probable cause to arrest Mills for public drunkenness. Under 18 P.S.A. § 3503, a person is guilty of public drunkenness "if he appears in any public place manifestly under the influence of alcohol or a controlled substance." Officer Dell had no reason to conclude that Mills was manifestly under the influence. Mills displayed no signs of drunkenness. Mills was not loud, belligerent or aggressive. He did not slur his words, talk incoherently, behave erratically, or have difficulty walking or maintaining his balance.

27.     As a direct and proximate result of Officer Dell's false arrest of Mills, Mills suffered damages.

28.     Officer Dell's actions were malicious and recklessly indifferent to the constitutional rights of Mills, entitling Mills to recover punitive damages in an amount sufficient to punish and to protect others from similar conduct.

29.     Mills is entitled to reasonable attorney fees, punitive damages, expert fees and costs associated with this litigation under 42 U.S.C. § 1988.

## COUNT III
## VIOLATIONS OF 42 U.S.C. § 1983: DELIBERATE INDIFFERENCE IN VIOLATION OF THE FOURTEENTH AMENDMENT

30. The failure to provide adequate medical care to a detainee violates the Fourteenth Amendment when there is deliberate indifference to an individual's serious medical needs.

31. Mill's broken tibia constituted an objectively serious medical need.

32. Officer Dell knew that Mill's leg was broken. After he was kicked, Mills cried out in pain and told Dell that his leg was broken. Dell observed that Mills could not put any weight on his leg and was unable to walk to the police car under his own power. And on the way to the police station, Mills repeatedly told Dell that he was in extreme pain and that his leg was broken.

33. Dell deliberately disregarded Mills' serious medical need by failing to take him to the hospital.

34. As a direct and proximate result of Officer Dell's deliberate indifference, Mills suffered damages.

35. Officer Dell's actions were malicious and recklessly indifferent to the constitutional rights of Mills, entitling Mills to recover punitive damages in an amount sufficient to punish and to protect others from similar conduct.

36. Mills is entitled to reasonable attorney fees, punitive damages, expert fees and costs associated with this litigation under 42 U.S.C. § 1988.

## COUNT IV
## BATTERY UNDER PENNSYLVANIA LAW

37. Officer Dell intentionally battered Mills as described above. Officer Dell's actions were not justified and constituted the unreasonable and unnecessary use of force.

38. Officer Dell's actions directly and proximately caused Mills to be injured and suffer damages.

WHEREFORE, Mills requests that this Court enter judgment in his favor against Officer Dell, award him compensatory damages in an amount to be proven at trial, award him punitive damages, attorneys' fees, costs of suit, expert fees, and any other and further relief the Court deems just and proper.

Respectfully submitted,

**COLIANNI & LEONARD LLC**
Attorneys for Plaintiff Robert D. Mills

DATED:  July 31, 2024

/s/Vincent Colianni II
Vincent Colianni II Esq., PA I.D. # 324050
925 Park Plaza
Wexford, PA 15090
Telephone: (412) 680-7877/(340) 719-1766
Facsimile: (340) 719-1770
vinny@colianni.com

**TODD J. HOLLIS LAW**
Attorneys for Plaintiff Robert D. Mills

/s/Todd J. Hollis
Todd J. Hollis, Esq., PA I.D. #72510
202 Penn Plaza
Turtle Creek, PA 15145
Telephone: (412) 515-4483
Facsimile: (412) 646.5748
toddjhollis@gmail.com